
FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

JUL 19 2023

FOR THE DISTRICT OF NEW MEXICO

MITCHELL R. ELFERS
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CRIMINAL NO. CR-22-876 MIS |
| | ) |
| vs. | ) |
| | ) |
| **MATTHEW LEE DALE TAYLOR,** | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **MATTHEW LEE DALE TAYLOR,** and the defendant's counsel, DAVID BENATAR:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

e. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging in Count 1 a violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1): Transportation of Child Pornography; charging in Count 2 a violation of 18 U.S.C. §§ 1466A(b)(1) and 2252A(b)(2): Possession of Obscene Visual Representations of the Sexual Abuse of Children; and charging in Count 3 a violation of 18 USC § 2260A: Penalties for Registered Sex Offender.

## ELEMENTS OF THE OFFENSE

4. The elements of 18 U.S.C. §§ 2252A(a)(1) and (b)(1), Transportation of Child Pornography, are:

*First*: the defendant knowingly transported a visual depiction in interstate or foreign commerce;

*Second*: the visual depiction shows a minor engaging in sexually explicit conduct ("child pornography"), as defined in 18 U.S.C. § 2256(2)(A); and;

*Third*: when the defendant transported the visual depiction, the defendant knew the visual depiction constituted child pornography.

5. The elements of 18 U.S.C. §§ 1466A(b)(1) and 2252A(b)(2), Possession of Obscene Visual Representations of the Sexual Abuse of Children, are:

*First*: the defendant knowingly possessed a visual depiction of any kind;

*Second*: the visual depiction depicts a minor engaging in sexually explicit conduct;

*Third*: the visual depiction is obscene;

*Fourth*: the defendant knew that the contents of the visual depiction were of a sexually oriented nature; and

*Fifth*: any visual depiction involved in the offense had been mailed or transported in interstate or foreign commerce or was produced using materials that have been mailed or transported in interstate or foreign commerce.

2

6. The elements of 18 USC § 2260A, Penalties for Registered Sex Offender, are:

*First*: the defendant is required to register as a sex offender under Federal or other law; and

*Second*: the defendant committed a felony offense involving a minor under 18 U.S.C. Section 1466A.

SENTENCING

7. The defendant understands that the minimum and maximum penalty the Court can impose as to Count 1 is:

a. imprisonment for a period of not less than 15 years or more than 40 years;

b. a fine not to exceed $250,000.00;

c. a mandatory term of supervised release of not less than five years and up to life to follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

d. a mandatory special penalty assessment of $100.00;

e. an additional special penalty assessment of $5,000.00 pursuant to 18 U.S.C. § 3014;

f. an additional special penalty assessment, pursuant to pursuant to 18 U.S.C. § 2259A, per count, of no more than:

    i. $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5);

    ii. $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);

    iii. $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under

3

18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

g.   restitution as may be ordered by the Court; and

h.   mandatory restitution, pursuant to 18 U.S.C. § 2259(b)(2), that is not less than $3,000.00 per victim.

8.   The defendant understands that the minimum and maximum penalty the Court can impose as to Count 2 is:

a.   imprisonment for a period of not less than 10 years or more than 20 years;

b.   a fine not to exceed $250,000.00;

c.   a mandatory term of supervised release of not less than five years and up to life to follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

d.   a mandatory special penalty assessment of $100.00;

e.   an additional special penalty assessment of $5,000.00 pursuant to 18 U.S.C. § 3014;

f.   an additional special penalty assessment, pursuant to pursuant to 18 U.S.C. § 2259A, per count, of no more than:

i.   $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5);

ii.   $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);

iii.   $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under

4

18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256).

g.     restitution as may be ordered by the Court; and

h.     mandatory restitution, pursuant to 18 U.S.C. § 2259(b)(2), that is not less than $3,000.00 per victim.

9.     The defendant understands that the penalty the Court shall impose as to Count 3 is:

a.     imprisonment for a period of ten years consecutive to any sentence;

10.     The parties are aware that the Court may accept or reject this plea agreement or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant' plea of guilty.

11.     The parties agree that, as part of the defendant's sentence, the Court may enter an order of restitution pursuant to 18 U.S.C. § 2259.

12.     It is expressly understood and agreed by and between the defendant and the United States that:

a.     The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

b.     Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea

5

agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

<u>DEFENDANT'S ADMISSION OF FACTS</u>

13.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**On or about July 14, 2021, in Lea County, in the District of New Mexico, I, Matthew Lee Dale Taylor, transported 51 videos containing child pornography by uploading the videos to a Dropbox account that I created using email address demonicanon666@protonmail.com. These videos constitute visual depictions. I knew the videos I uploaded contained children under the age of 18 engaged in sexually explicit conduct, which constitutes child pornography under 18 U.S.C. § 2256(2)(A). These visual depictions were obscene, and I knew the contents of the visual depiction were of a sexually oriented nature.**

6

One of the videos I uploaded to Dropbox is a 1 minute and 41 second video that depicts a prepubescent female child performing oral sex on an erect penis. Toward the end of the video, the video transitions to an individual with a blurred face performing oral sex on the same female child. The individual then places his erect penis onto the female child's vagina.

Another of the videos I uploaded to Dropbox is a 22 second video. It initially begins with a fully clothed male child and a fully clothed adult female. The adult female is laying on a bed on her back. The male child is facing the adult female while between her legs and is thrusting himself towards the adult female simulating sexual intercourse. 15 seconds into the video, the video transitions to an adult female performing oral sex on a male child. The male child is upside down with his legs in the air. The adult female licks the male child's genitals until the video ends.

I used an internet connection to transport the videos when I uploaded the videos to Dropbox, and I recognize that the videos traveled in interstate commerce through my internet connection. I also acknowledge that Dropbox does not have any servers located in the state of New Mexico.

When I uploaded the 51 videos to Dropbox, I also knowingly possessed the child pornography. Prior to my possessing the videos, the videos traveled in interstate commerce through an internet connection. Additionally, I possessed the videos on a device that traveled in interstate and foreign commerce prior to my possessing the videos on the device.

Additionally, I was convicted of Possession of a Visual Medium of Sexual Exploitation of Children Under 18 Years of Age on March 7, 2017, in Lovington District Court in Case Number D-506-CR-201600330. As a result of this conviction, I was required to register as a sex offender under Federal or state law when I possessed and transported child pornography on July 14, 2021.

14.    By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

<u>STIPULATIONS</u>

15.    The United States and the defendant stipulate as follows:

7

a. The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence between 25 years and 45 years of imprisonment is the appropriate sentence in this case. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

## RESTITUTION

16. The defendant understands that restitution in this case is mandatory, pursuant to 18 U.S.C. § 2259. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by the defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

17. The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since December 9, 2021, including the location of the assets and the identity of any third party.

8

18.     The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. *See* 18 U.S.C. § 3664(k), (n).

19.     The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k), (n).

20.     The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and will be subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

DEFENDANT'S OBLIGATIONS

21.     The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions.  The defendant hereby represents that the defendant has complied with and will continue to comply with this

9

obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

22. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

23. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

24. By signing this plea agreement, the Defendant knowingly and voluntarily waives any rights and defenses the Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to imposition of special or other assessments.

<u>SEX OFFENDER REGISTRATION AND NOTIFICATION</u>

25. The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon the defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that the defendant shall keep the defendant's registration current, shall

10

notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

26.     As a condition of supervised release, the defendant shall initially register with the state sex offender registration in New Mexico and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

27.     The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

<u>WAIVER OF APPEAL RIGHTS</u>

28.     The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law, as well as any

11

order of restitution entered by the Court. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that "extraordinary and compelling reasons" for a sentence reduction are lacking or that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the defendant agrees to waive any collateral attack to the defendant's conviction and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

29. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

30. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

31. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

32. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related

12

to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

SPECIAL ASSESSMENT

33. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $300.00 in payment of the special penalty assessment described above.

34. Pursuant to 18 U.S.C. § 3014, if the Defendant is found to be non-indigent, the Defendant will also tender to the United States District Court, a money order or certified check payable to the order of the United States District Court in the amount of $5,000, per relevant count of conviction.

35. The parties agree that the United States will request the Court to order the Defendant to pay an assessment of $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5); $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b); $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256), per relevant count of

conviction. Any assessment imposed shall be paid to the United States District Court by money order or certified check payable to the order of the United States District Court.

ENTIRETY OF AGREEMENT

36. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this __16th__ day of __June_____, 2023.

ALEXANDER M.M. UBALLEZ
United States Attorney

MATILDA MCCARTHY VILLALOBOS
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

MATTHEW LEE DALE TAYLOR
Defendant

14

I am the attorney for MATTHEW LEE DALE TAYLOR. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*David Benatar*

DAVID BENATAR
Attorney for Defendant

15